UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HABIB BANK ZURICH (HONG KONG) LIMITED,

    Plaintiff,

v.

SIGNATURE BANK,

    Defendant.

Civ. Action No.:

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff Habib Bank Zurich (Hong Kong) ("Plaintiff" or "Habib"), for its Complaint against Defendant Signature Bank ("Defendant" "Signature") states as follows:

## NATURE OF ACTION

1. This matter seeks recovery against Signature for its breaches, negligence, and omissions that caused Signature to convey title for goods exported by Plaintiff's former client, non-party Ravissant Limited, RM ("Ravissant"), valued at $150,545.80 to non-party Shoez, Inc. ("Shoez"), without securing payment from Shoez, in the months immediately preceding Ravissant's insolvency.

## PARTIES

2. Plaintiff is a Restricted License Bank ("RLB") incorporated in Hong Kong under The Banking Ordinance, with its principal place of business at 1701-05, Wing On House 71, Des Voeux Road Central, Hong Kong. Plaintiff renders banking and financial services specializing in providing customized trade finance solutions.

3. Defendant is a New York banking corporation with a principal place of business at 556 Fifth Avenue, New York, New York. Defendant regularly transacts business throughout the State of New York.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action pursuant 28 U.S.C. § 1332 (a)(2) because Plaintiff is a company organized and existing under the laws of a foreign state, Hong Kong, and Defendant is a New York banking corporation, with offices in the state of New York, and the amount in controversy exceeds the sum or value of Seventy Five Thousand Dollars ($75,000) exclusive of court costs and interest.

5. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in New York.

6. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391 because at all times relevant to Plaintiff's claims herein, Defendant was and is a New York banking corporation and maintains offices in this District.

## BACKGROUND

7. Since on or about January 2014, and at all times relevant hereto, Ravissant did business with Shoez, a garment importer.

8. Ravissant is a Hong Kong limited company with its then principal place of business at RM 1207-8 12/F Greenfield Tower, Concordia Plaza 1 Science Museum Road, 1st East, Kowloon, Hong Kong. At all times herein, Ravissant was engaged in the business of exporting clothing.

9. Upon information and belief, Ravissant is currently insolvent.

10. Upon information and belief, Shoez is a California corporation with its principal place of business located at 9663 Santa Monica Boulevard, Suite No. 289, Beverly Hills, California 90210.

11. Upon information and belief, Defendant was the domestic U.S. bank for Shoez in connection with all of the transactions between Ravissant and Shoez.

12. Plaintiff provided financing to Ravissant for its transactions with Shoez that was secured by the goods exported by Ravissant.

13. Beginning in 2014, Ravissant agreed with Shoez to export certain clothing, namely casual men and women's ready-wear clothes ("Goods"), to Shoez in Los Angeles, California. Specifically, Ravissant began producing Goods for and, exporting Goods to, Shoez.

14. Throughout 2014 and 2015, Ravissant continued to export to, Shoez certain Goods *vis a vis* numerous orders and shipments. Ravissant's export of the Goods was financed by Plaintiff.

15. Over the course of approximately eighteen months, Plaintiff, Ravissant, Shoez and Signature established a custom and practice for international ordering, production, shipping and payment by entering into forty two (42) documents against payment ("D/P") transactions.

16. A D/P transaction is an arrangement under which an exporter instructs the importer's bank, known as a presenting or collecting bank, deliver shipping and title documents to the importer, only if the importer fully pays the accompanying bill of exchange ("BOE"), known as a draft. A D/P transaction is a common method of international trading which is designed to prevent the release of goods to a buyer without paying for these goods..

17. At all times during these transactions, Plaintiff acted as the remitting bank for its client Ravissant.

18. At all times during these transactions, Defendant acted as the collecting bank for Shoez.

3058969 v6

19. For each of the transactions, Plaintiff, on behalf of Ravissant, would courier invoices, along with bills of lading, payment instructions, BOEs, and other shipping documents to Defendant, to act as Shoez's agent for acceptance of orders shipped. All of the transactions were done pursuant to the Uniform Rules of Collection 522 ("URC 522").

20. In this manner, Defendant received the title documents to, and the BOEs governing payment for Ravissant's Goods, along with certain payment instructions.

21. These transactions for Ravissant's Goods were uniformly "sight" drafts, payable "at sight". As such, the payment instructions and BOEs incorporated payment terms of "Deliver document against payment only." Documents of title were to be released by Defendant to Shoez only upon payment from Defendant to Plaintiff.

22. For each transaction, the BOE and Plaintiff's instructions in the shipping and title documents expressly provided that payment should be made to Habib American Bank New York, Plaintiff's New York affiliate. These terms were critical as Plaintiff sought to ensure it was paid directly to Plaintiff's account because Plaintiff was providing the financing to Ravissant for these transactions.

23. For thirty-six of these D/P transactions, the documents were properly handled and paid by Defendant.

24. After over a year of such established custom and practice, during the Spring of 2016, Defendant returned the title documents pertaining to five transactions that were unpaid.

25. Inexplicably, Defendant did not return to Plaintiff the BOE and title documents pertaining to a transaction for shipment of goods valued at $150,545.80 that had not been paid for. The transaction in question was for certain garments imported on or about September 2,

2015 (the "Transaction"). (True and correct copies of the BOE, shipping and title documents for the Transaction are attached hereto as **Exhibit A.**)

26. Unbeknownst to Plaintiff, Defendant in violation of URC 522, had in fact released the title documents to Shoez, without paying Plaintiff the amount of the BOE.

27. During the Spring of 2016, Plaintiff made several inquiries of Defendant about the status of this and other D/P transactions.

28. Specifically on May 10, 2016, over nine months after payment should have been received by Plaintiff, Plaintiff inquired about the Transaction:

> PLEASE ADVISE US PRESENT PAYMENT STATUS URGENTLY. IF THE COLLECTION STILL UNPAID, PLEASE RETURN THE SAME (INCLUDING 3/3 ORIGINAL B/LADING) FOR FURTHER ATTENTION.
>
> PLEASE CONFIRM YOUR ACTION.

29. Defendant responded with a SWIFT message:

> PLEASE BE ADVISED PAYMENT MADE DIRECTLY ON NOVEMBER 4, 2015 THROUGH DBS BANK HONG KONG REF NO 2340181700.
>
> WE HAVE CLOSED OUR FILE.

30. Plaintiff sent a counter response:

> WE ARE IN RECEIPT OF YOUR [PRIOR SWIFT MESSAGE] AND **NOTE THE CONTENTS THEREIN WITH SURPRISE**.
>
> PLEASE REFER TO OUR BILL PRESENTATION MEMO WHERE WE HAVE CLEARLY STATED AND REQUESTED YOU TO REMIT PAYMENT TO HABIB AMERICAN BANK, NEW YORK FOR CREDIT OF OUR A/C. THIS IS A DOCUMENTS AGAINST PAYMENT (DP).

31. Plaintiff concluded its SWIFT message by again requesting the return of the documents immediately.  (True and correct copies of the SWIFT messages are annexed here to as **Exhibit B.)**

32. Subsequently, Defendant again advised Plaintiff that it had released the documents, based on Shoez's alleged representation that – contrary to the BOE – Shoez had paid Ravissant directly for these Goods.

33. Plaintiff thus had no knowledge that payment was allegedly made directly to Ravissant until *__over nine months__* after the fact.

34. The URC 522 is a set of principles created by a nongovernmental organization, the International Chamber of Commerce, to facilitate trade among the world's trading countries.

35. Under 522, Defendant had a duty to act in good faith and exercise reasonable care.

36. Once incorporated into the "collection instruction," URC 522 becomes "binding on all parties . . . unless otherwise expressly agreed or contrary to the provisions of a national, state or local law and/or regulation which cannot be departed from."  *Id*.

37. Pursuant to URC 522, Article 4.a.1:

> All documents sent for collection must be accompanied by a collection instruction indicating that the collection is subject to URC 522 and giving complete and precise instructions. *__Banks are only permitted to act upon the instructions given in such collection instruction, and in accordance with these Rules.__*  (Emphasis added.)

38. Article 4.a.3 further provides:

> Unless otherwise authorized in the collection instruction, banks will disregard any instructions from any party/bank other than the party/bank from whom they received the collection.

39. In addition, collecting banks "are to advise fate" of payment, non-payment, acceptance, or non-acceptance, "without delay." *Id.*, Art. 26.[1] Pursuant to Article 26.c.1, the collecting bank must notify the remitting bank of payment and must provide detail regarding "the amount or amounts collected, charges and/or disbursements and/or expenses deducted, where appropriate, and method of disposal of the funds."

40. In addition, under the Uniform Commercial Code ("UCC") Defendant had a duty of good faith and the duty to exercise ordinary care.

41. The UCC, as adopted by the State of New York, Section 4-102(2), states, in pertinent part, as follows:

> In the case of action or non-action by or at a branch or separate office of a bank, its liability is governed by the law of the place where the branch or separate office is located.

42. Defendant is located in New York. Defendant is a New York banking corporation with its principal place of business in New York, New York. The BOE for the transaction set forth herein was forwarded to Defendant in New York, New York. Each of the SWIFTs set forth herein were forwarded to and from Defendant located in New York, New York.

43. New York UCC § 4-103 requires banks to exercise good faith and ordinary care, which cannot be waived.

44. New York UCC § 4-103(e) further states as follows:

> The measure of damages for failure to exercise ordinary care in handling an item is the amount of the item reduced by an amount which could not have been realized by the use of ordinary care, and where there is bad faith it includes other damages, if any, suffered by the party as a proximate consequence.

---

[1] Advise Fate is defined as "Written confirmation from an accepting or collecting bank to the originating or remitting bank (which sent one or more collection documents) whether the item was honored or dishonored by the payee. See, http://www.businessdictionary.com/definition/advice-of-fate.html, retrieved July 20 2016.

3058969 v6

45. Pursuant to New York UCC § 4-202(c), a collecting bank must use "ordinary care" when, among other things, "***presenting an item or sending it for presentment***

46. Article 9, consistent with the New York UCC, further expressly incorporates the standard that "Banks will act in good faith and exercise reasonable care."

47. In accordance with Article 1 of URC 522, any non-variable and non-disclaimable portions of the UCC remain applicable in the context of an international collection. The application of URC 522 does not preclude application of the UCC altogether where certain UCC provisions cannot be disclaimed. *See, e.g.,* N.Y. U.C.C. § 4-103(a) (duty of good faith cannot be waived.)

## COUNT I
## BREACH OF CONTRACT

48. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs as if fully set forth at length herein.

49. In accordance with the title documents and BOE for the Transaction, and the previous course of conduct between the parties, Defendant agreed to the terms of the aforementioned Transaction.

50. The terms of the Transaction contained clear instructions presented from Plaintiff to Defendant that stated it was a D/P Transaction and that delivery of documents could only be made against payment to Plaintiff.

51. Plaintiff fully performed its duties under the Transaction.

52. In breach of the instructions, Defendant released the original documents to Shoez without making payment to Plaintiff.

53. Therefore, Defendant compounded its breach by failing to advise Plaintiff of non-payment in a timely manner.

3058969 v6

54. Based upon each of the aforementioned wrongful acts and omissions, Defendant breached its obligations to Plaintiff.

55. As a result of Defendant's breach of its contract with Plaintiff, Plaintiff has suffered damages in the amount of at least $150,545.80.

### COUNT II
### STATUTORY BREACH OF CONTRACT
### (URC 522 AND NEW YORK UCC § 4-103 AND § 4-202)

56. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs as if fully set forth at length herein.

57. In accordance with its obligations under the New York UCC § 4-103 and § 4-202, URC 522, and the previous course of conduct between the parties, Defendant agreed to the terms of the aforementioned Transaction.

58. As a "collecting bank" under New York UCC § 4-202, Defendant not only had an obligation to adhere to Plaintiff's instructions to release the documents only upon payment, but Defendant had statutory obligations as well.

59. Pursuant to New York UCC § 4-202, Defendant as the collecting bank was required to exercise ordinary care by "presenting an item or sending it for presentment."

60. Instructions presented from Plaintiff to Defendant for the Transaction clearly stated it the Transaction was a D/P transaction and payment must be made to Plaintiff.

61. Plaintiff fully performed its duties under the Transaction.

62. Defendant failed to submit payment to Plaintiff.

63. Defendant failed to timely return to Plaintiff the title documents for the Transaction.

64. Defendant failed to advise Plaintiff of non-payment to Plaintiff in a timely manner.

3058969 v6

65. Based upon each of the aforementioned wrongful acts and omissions, and Defendant failure to exercise ordinary care as set forth herein, Defendant breached its obligations to Plaintiff.

66. As a result of Defendant's breach of its contract with Plaintiff, and through Defendant's breach of its obligation to exercise ordinary care pursuant to New York UCC § 4-202 and its obligations under URC 522, Plaintiff was significantly prejudiced. Plaintiff had no knowledge that payment was made directly to Ravissant until over nine months after the fact. Plaintiff was necessarily deprived of the goods and opportunity to attempt to obtain payment from Ravissant prior to Ravissant's insolvency.

67. As a result of Defendant's breach of its contract with Plaintiff and its statutory obligations under New York UCC § 4-103 and § 4-202, and URC 522, Plaintiff has suffered damages in the amount of at least $150,545.80.

## COUNT III
## NEGLIGENCE

68. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs as if fully set forth at length herein.

69. In accordance with its obligations under New York UCC § 4-103 and § 4-202, URC 522, and the previous course of conduct between the parties, Defendant had a legal duty to conform to a standard of conduct of good faith and reasonable and/or ordinary care to protect Plaintiff.

70. Plaintiff and Defendant regularly engaged in the business of banking.

71. Plaintiff entered into the Transaction with Defendant as described herein for which Defendant acted as the "collecting bank" under New York UCC § 4-202.

10

72. New York UCC § 4-202 sets forth the degree of care necessary in the handling of the Transaction that is customary in the banking industry, namely, that a collecting bank must exercise "ordinary care" in presenting an item for payment and providing notice of non-payment.

73. Defendant failed to perform its services as a collecting bank with the degree of care that is required by New York UCC § 4-202 and as is customary in the banking industry for the Transaction.

74. Defendant failed to timely return to Plaintiff the title documents for the Transaction.

75. Defendant failed to advise Plaintiff of non-payment to Plaintiff in a timely manner.

76. Based upon each of the aforementioned wrongful acts and omissions and Defendant was negligent by failing to exercise ordinary care as set forth herein.

77. As a result of Defendant's negligence, Plaintiff was significantly prejudiced. Plaintiff had no knowledge that payment was allegedly made directly to Ravissant until over nine months after the fact. Plaintiff was necessarily deprived of the goods and the opportunity to attempt to obtain payment from Ravissant prior to Ravissant's insolvency.

78. As a result of Defendant's negligence, Plaintiff has suffered damages in the amount of at least $150,545.80.

## PRAYER FOR RELIEF AND DAMAGES

**WHEREFORE**, Plaintiff Habib requests that the Court grant the following relief:

A. judgement in favor of Plaintiff Habib on all counts herein for damages sustained as a result of Signature Bank's breaches, tortious conduct and other unlawful acts, in an

11

        amount to be determined at trial, including the value of the Goods related to the Transaction in the amount of $150,545.00;

B.    interest as provided by law;

C.    the costs and disbursements of this proceeding; and

D.    such other and further relief as the Court may deem just and fair.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands, pursuant to FRCP 38 (b), a jury trial on all claims so triable.

### DESIGNATION OF TRIAL COUNSEL

Michael B. Goldsmith is hereby designated as trial counsel on behalf of Plaintiff in this matter.

Dated: July 28, 2016
       New York, New York

                                                Respectfully submitted,

                                                /s/ Nicole Joy Leibman

                                                Michael B. Goldsmith
                                                Nicole Joy Leibman
                                                SILLS CUMMIS & GROSS P.C.
                                                One Riverfront Plaza
                                                Newark, NJ 07102
                                                (973) 643-7000
                                                *Attorneys for Plaintiff*
                                                *Habib Bank Zurich (HK) Limited*

3058969 v6